FILED
United States Court of Appeals
Tenth Circuit

November 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GABRIAL J. LOBATO,

Defendant - Appellant.

No. 10-8035

(D. Wyoming)

(D.C. No. 06-CR-00178-CAB-1)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BALDOCK**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Gabrial Lobato seeks to appeal the 360-month sentence he received after pleading guilty to one count of conspiracy to traffic in

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. For the following reasons, we dismiss this appeal.

## BACKGROUND

### I. Procedural History

This appeal has come before our court in an unusual way. As indicated above, Mr. Lobato pled guilty to one count of conspiracy to possess with intent to distribute, and to distribute 500 grams or more of methamphetamine, and was sentenced to 360 months' imprisonment, five years of supervised release, and a fine of $1,500. After filing a timely notice of appeal, Mr. Lobato's attorney filed an <u>Anders</u> brief and moved to withdraw as counsel. Our court denied the motion, however, after the government conceded an error had occurred at the sentencing hearing. Our court then remanded the case for resentencing.

On remand, the district court allowed Mr. Lobato's original attorney to withdraw as counsel and appointed a different attorney to represent him. A resentencing hearing ensued on June 16, 2008, at which Mr. Lobato was again sentenced to 360 months' imprisonment, five years of supervised release, and a $1,500 fine.

At the conclusion of the resentencing hearing, the newly appointed substitute attorney for Mr. Lobato asked the district court to be relieved from representing Mr. Lobato in a direct appeal because he had a heavy trial case load.

The district court stated that it would not impose the appellate work on the attorney, and then stated that "[s]omeone else from the appellate panel of the defenders panel group is hereby appointed to represent Mr. Lobato." Tr. of Resentencing Hr'g at 23, R. Vol. 3 at 62. In fact, no other attorney was appointed at that time to represent Mr. Lobato. The district court then advised Mr. Lobato that, based upon his many years as a judge, Mr. Lobato would be better off cooperating with the government than pursuing another appeal. Mr. Lobato responded, "[y]our honor, I know that's an option. It's an option I'm not willing to take." Id.

The district court subsequently gave the following advisement to Mr. Lobato about filing a notice of appeal: "I thought that was implied, but you do have 10 days from this date to file a notice of appeal. Unless you do file a notice . . . with the clerk of this court, you won't be able to appeal it." Id. at 24.

Mr. Lobato's substitute attorney never filed a notice of appeal, nor did he file a formal motion to withdraw as the attorney of record. This may have been because, based upon the district court's pronouncement at the resentencing hearing, he thought that another attorney had already been appointed to represent Mr. Lobato. On December 15, 2008, some six months after the resentencing hearing, Mr. Lobato wrote to the clerk of the district court asking who his new attorney was. He indicated that he wanted to know that information before the time for appealing his case expired. The clerk of the district court advised

Mr. Lobato to contact his attorney of record (the attorney who had represented him at the resentencing hearing).

On April 6, 2010, Mr. Lobato wrote directly to the district court judge who had presided over his resentencing hearing, asking about the status of his court-appointed appellate attorney. Mr. Lobato indicated that he had never been contacted by the attorney who was supposed to handle his appeal, and he sought help in getting in touch with that individual.

On April 16, 2010, the district court appointed Mr. Lobato's current counsel to represent him on direct appeal. His current attorney filed an entry of appearance and a notice of appeal the following day.

Our court issued an order tolling further activity on the case until the parties both briefed the issue of jurisdiction, in view of Mr. Lobato's notice of appeal which was indisputably filed late. The government has not filed a motion, under Fed. R. App. P. 4(b), asserting that Mr. Lobato's appeal should be dismissed as untimely. Both parties have briefed the issue, and both agree that we should accept jurisdiction over this appeal and proceed to address it. Our court then allowed the case to continue, reserving the jurisdictional question to us, as the panel on the merits. Because the untimeliness of Mr. Lobato's appeal was in no way his fault, and for the various reasons both parties have given us to accept jurisdiction over this appeal, we do so. Accordingly, we now proceed to Mr. Lobato's appeal.

## II. Factual Background

Mr. Lobato pled guilty pursuant to a plea agreement. Because the single issue is whether the district court properly added a two-level enhancement to Mr. Lobato's total offense level when calculating the advisory sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"), we identify the relevant references to that enhancement in the record.

In the plea agreement, Mr. Lobato "agree[d] to give the court a complete and truthful basis for this offense." Plea Agreement ¶ 7, Supp. R. Vol.1 at 15. Further, the agreement provided that "[t]he United States and the Defendant agree the facts in the underlying investigation demonstrate by a preponderance of the evidence that the Defendant possessed a firearm during the commission of the offense, and thus qualifies for an upward adjustment of two offense levels pursuant to USSG § 2D1.1(b)(1)." Id. ¶ 8.

In the change of plea proceedings, government counsel referred several times to the agreement between the parties that the facts demonstrate by a preponderance of the evidence that Mr. Lobato possessed a firearm during the commission of the offense. Tr. of Sentencing Proceedings at 6, 9, 10. Mr. Lobato himself testified, under oath, that he possessed a gun:

> THE COURT:  . . . Were you at a hunting camp in the Big Horn Mountains?
>
> THE DEFENDANT:  Yes, I was.

THE COURT:  And was there a Katherine Rinker there?

THE DEFENDANT:  Yes, she was.

THE COURT:  And [government counsel] says that she saw you with a hunting rifle in your possession.

THE DEFENDANT:  That's correct.

THE COURT:  Is that right?

THE DEFENDANT: That's correct.

THE COURT:  You admit having one?

THE DEFENDANT:  Yes, I do.

Id. at 25-26.  The court then expressly found "that the defendant did, in fact, have a firearm during that relevant period of time in the Big Horn Mountains in Wyoming."  Id. at 27.

Next, following the remand from our court, during the resentencing proceedings, government counsel again stated that the government and Mr. Lobato "also agreed that the facts underlying the investigation demonstrated by a preponderance of the evidence that the defendant possessed a firearm during the commission of the offense, and, therefore, qualified for a two-level adjustment." Tr. of Resentencing Proceedings at 3, R. Vol. 3 at 42.  Other witnesses were prepared to testify as to Mr. Lobato's possession of a rifle.  Id. at 11.

Further, the district court explicitly stated that it adopted "all of the findings in the PSR."  Id. at 22.  The presentence report ("PSR"), prepared by the

probation office in anticipation of sentencing, referred no less than five times to the fact that Mr. Lobato carried a rifle with him at various times when he also distributed methamphetamine. In calculating Mr. Lobato's advisory guideline sentence, the PSR recommended the "two-level enhancement for possessing a firearm." PSR ¶ 11, R. Vol. 2. Mr. Lobato made no objection to the PSR.

In addition, at Mr. Lobato's original sentencing proceeding, prior to our remand for resentencing, Mr. Lobato's counsel and Mr. Lobato admitted that he possessed a gun. Sentencing Proceedings at 9, 12, R. Vol. 3 at 9, 12. Accordingly, there can be no doubt that Mr. Lobato clearly admitted, under oath, and the court clearly found, that he possessed a firearm during the commission of the conspiracy and the two-level enhancement applied. And, he never registered an objection to the application of the enhancement, despite the number of times it was stated as an established fact.

The court calculated Mr. Lobato's 360-month sentence by applying a base offense level of 36, adding two levels for the firearm possession, adding three more levels for his "aggravating role" in the offense, and deducting three levels for his acceptance of responsibility, thereby calculating a total offense level of 38. With a criminal history category of VI, that yielded an advisory guidelines sentencing range under the United States Sentencing Commission Guidelines Manual ("USSG") of 360 months to life. The court selected 360 months, at the bottom of the sentencing range.

Mr. Lobato challenges that sentence on a single ground—that the court erred in adding two levels for possession of a firearm.  We conclude that that argument is not available to Mr. Lobato.

**DISCUSSION**

USSG §2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" during the drug trafficking offense, and reflects the "increased danger of violence when drug traffickers possess weapons."  USSG § D1.1 cmt.n.3.  Commentary to §2D1.1(b)(1) states the enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  Id. Generally, we have held possession under §2D1.1(b)(1) is "satisfied by showing mere proximity to the offense."  United States v. Smith, 131 F.3d 1392, 1400 (10th Cir. 1997).

"The government bears the initial burden of proving possession by a preponderance of the evidence."  Id.  "This burden is satisfied when the government demonstrates that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant."  United States v. Williams, 431 F.3d 1234, 1237 (10th Cir. 2005) (quotation marks and citation omitted).  As a result, the government need only show the weapon was found in the same location where the drugs or drug paraphernalia are stored or in the

general vicinity of where part of the drug activity occurred. <u>See</u> <u>id.</u> Once the government meets its burden, the burden shifts to the defendant to prove that "it is clearly improbable that the weapon was connected to the offense." <u>United States v. Heckard</u>, 238 F.3d 1222, 1233 (10th Cir. 2001) (internal quotation marks omitted).

Ignoring the fact that he and his attorney admitted the establishment of the enhancement numerous times, Mr. Lobato argues the government never carried its burden of establishing facts to support the enhancement. He concedes that, were we to review this question, it would be for plain error.

We view the multiple references to the enhancement as concessions or admissions by Mr. Lobato that the enhancement was proven and applies. While he argues the government failed to meet its burden to establish possession of a firearm by a preponderance of the evidence, the government did not need to meet that burden in the face of those concessions. He cannot admit a fact, and then, on appeal, claim the government failed to establish that fact. Mr. Lobato relieved the government of its burden by his concessions.

Moreover, Mr. Lobato never presented facts rebutting the government's case, showing that it was "clearly improbable" that the firearm was connected to the drug trafficking.

Because Mr. Lobato waived the only argument he makes on appeal, we dismiss this appeal.

## CONCLUSION

For the foregoing reasons, we DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge